# EXHIBIT A



**E-Notice**

2017-CH-13438

CALENDAR: 08

To:  David Jonathon Fish
     dfish@fishlawfirm.com

---

# NOTICE OF ELECTRONIC FILING

---

IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS

**JOHN  MURPHY vs. FOSTER/PREMIER, INC.**
**2017-CH-13438**

The transmission was received on 10/05/2017 at 3:16 PM and was ACCEPTED with
the Clerk of the Circuit Court of Cook County on 10/05/2017 at 3:34 PM.

**CHANCERY_ACTION_COVER_SHEET (CHANCERY DIVISION)**

**COMPLAINT**

Filer's Email:   dfish@fishlawfirm.com
Filer's Fax:     (630) 929-7590
Notice Date:     10/5/2017 3:34:27 PM
Total Pages:     27

**DOROTHY BROWN**
**CLERK OF THE CIRCUIT COURT**
COOK COUNTY
RICHARD J. DALEY CENTER, ROOM 1001
CHICAGO, IL 60602

(312) 603-5031
courtclerk@cookcountycourt.com

Chancery Division Civil Cover Sheet - General Chancery Section          (Rev. 12/30/15) CCCH 0623

## IN THE CIRCUIT CIVIL COURT OF COOK COUNTY, ILLINOIS
## COUNTY DEPARTMENT, COUNTY DIVISION

JOHN MURPHY
_____
                                        **Plantiff**

v.

FOSTER/PREMIER, INC.
_____
                                        **Defendant**

No. _____

> **ELECTRONICALLY FILED**
> 10/5/2017 3:16 PM
> 2017-CH-13438
> CALENDAR: 08
> CIRCUIT COURT OF
> COOK COUNTY, ILLINOIS
> CHANCERY DIVISION
> CLERK DOROTHY BROWN

## CHANCERY DIVISION CIVIL COVER SHEET
## GENERAL CHANCERY SECTION

A Chancery Division Civil Cover Sheet - General Chancery Section shall be filed with the initial complaint in all actions filed in the General Chancery Section of Chancery Division. The information contained herein is for administrative purposes only. Please check the box in front of the appropriate category which best characterizes your action being filed.

0005 ☐ Administrative Review
0001 ☑ Class Action
0002 ☐ Declaratory Judgment
0004 ☐ Injunction

0007 ☐ General Chancery
0010 ☐ Accounting
0011 ☐ Arbitration
0012 ☐ Certiorari
0013 ☐ Dissolution of Corporation
0014 ☐ Dissolution of Partnership
0015 ☐ Equitable Lien
0016 ☐ Interpleader
0017 ☐ Mandamus
0018 ☐ Ne Exeat

0019 ☐ Partition
0020 ☐ Quiet Title
0021 ☐ Quo Warranto
0022 ☐ Redemption Rights
0023 ☐ Reformation of a Contract
0024 ☐ Rescission of a Contract
0025 ☐ Specific Performance
0026 ☐ Trust Construction
0027 ☐ Foreign Transcript
0085 ☐ Petition to Register Foreign Judgment
     ☐ Other (specify) _____

By: /s DAVID JONATHON FISH
_____
☑ Atty. No.: 44086          ☐ Pro Se 99500
Name: FISH DAVID J
Atty. for: JOHN MURPHY
Address: 200E 5TH AVE 123
City/State/Zip: NAPERVILLE, IL 60563
Telephone: (630) 355-7590
**Primary Email Address:**
dfish@fishlawfirm.com
**Secondary Email Address(es):**
admin@fishlawfirm.com

**Pro Se Only:** ☐ I have read and agree to the terms of the *Clerk's Office Electronic Notice Policy* and choose to opt in to electronic notice from the Clerk's office for this case at this email address: _____

**DOROTHY BROWN, CLERK OF THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS**

ELECTRONICALLY FILED
10/5/2017 3:16 PM
2017-CH-13438
CALENDAR: 08
PAGE 1 of 26
CIRCUIT COURT OF
COOK COUNTY, ILLINOIS
CHANCERY DIVISION
CLERK DOROTHY BROWN

## IN THE CIRCUIT COURT OF COOK COUNTY
## COUNTY DEPARTMENT, CHANCERY DIVISION

| | | |
|---|---|---|
| JOHN MURPHY, CECIL MATHEW, and NIRUPA MATHEW, | ) ) ) | |
| Plaintiffs, | ) ) | |
| v. | ) ) | No. _____ |
| FOSTER / PREMIER, INC., HOMEWISE SERVICE CORP., INC., and NEXTLEVEL ASSOCIATION SOLUTIONS, INC., | ) ) ) ) ) | |
| Defendants. | ) ) | |

### CLASS ACTION COMPLAINT

Plaintiff John Murphy ("Plaintiff Murphy") and Plaintiffs Cecil Mathew and Nirupa Mathew ("Mathew Plaintiffs") (collectively referred to as "Plaintiffs"), on behalf of themselves and all others similarly situated, by their undersigned attorneys, file this Class Action Complaint against Defendants Foster / Premier, Inc. ("Foster Premier"), HomeWise Service Corp., and NextLevel Association Solutions, Inc. (collectively referred to and doing business as "HomeWise") (collectively "Defendants"). Plaintiffs allege violations of the Illinois Consumer Fraud Act, 815 ILCS 505/1, et seq. (also referred to as the "Consumer Fraud Act"), the Illinois Condominium Property Act, 705 ILCS 605/1, et seq. (also referred to as the "Condo Act" or "ICPA"), the Illinois Common Interest Community Association Act, 765 ILCS 160/1-1, et seq. (also referred to as the "HOA Act"), and other causes of action, as set forth herein, based upon Plaintiffs' personal knowledge of and Plaintiffs' own acts, and information and belief as to all other matters.

ELECTRONICALLY FILED
10/5/2017 3:16 PM
2017-CH-13438
PAGE 2 of 26

## INTRODUCTION

1.     This action seeks to recover the unlawful and excessive fees that Defendants have charged Plaintiffs-sellers for the documents necessary to close on the sale of their condominium, cooperative, or residential real estate located in a "common interest community".[1]

2.     In Illinois, whenever a homeowner sells their home located in a condominium or common interest community, as part of the "resale" process, the association must provide what is commonly referred to in the industry as "Disclosure Documents," a "22.1 Package," or "Compliance Package," containing documents such as the association's rules and declarations, and those other documents identified in Section 22.1 of the Condo Act (765 ILCS 605/22.1) and in Section 1-35(d) of the HOA Act (765 ILCS 160/1-35). These statutorily-required resale documents are referred to herein as the "Disclosure Documents."

3.     The Condo Act and HOA Act state that associations may charge a "reasonable fee" covering the "direct out-of-pocket cost" of providing and copying the Disclosure Documents. 765 ILCS 605/22.1(c); 765 ILCS 160/1-35(d). These two laws are, in part, a codification of the long-standing recognition that associations are fiduciaries to their members and should not benefit unfairly at their expense.

4.     The actual cost of providing the Disclosure Documents is nominal; they are typically provided in PDF form (an electronic "portable document file"), downloadable from an internet portal or emailed. Moreover, the PDFs are in large part identical from seller to seller within the same association, with little or no individualized variation. Therefore, there

---

[1]  A "Common Interest Community" is defined as all "real estate . . . with respect to which any person by virtue of his or her ownership of a partial interest or a unit therein is obligated to pay for the maintenance, improvement, insurance premiums or real estate taxes of common areas described in a declaration which is administered by an association . . . includ[ing], but not [] limited to, an attached or detached townhome, villa, or single-family home". 765 ILCS 160/1-5.

2

ELECTRONICALLY FILED
10/5/2017 3:16 PM
2017-CH-13438
PAGE 3 of 26

is little or no "direct out-of-pocket cost" in connection with providing them, and no "copying" at all in any traditional sense of that word.

5.    Despite the nominal expense associated with providing the Disclosure Documents, Defendants charge hundreds of dollars to each seller – almost none of which is a "reasonable," "direct" or "out-of-pocket cost" as permitted by law.

6.    The Defendants here are not the HOA or condo associations themselves, but, as described below, the agents or subagents of the associations. As such, in carrying out their duties, Defendants are obligated to comply with Illinois law when acting on behalf of the associations.

7.    Defendant Foster Premier is a large property management company that contracted to manage Plaintiffs' associations and other associations. It assumed the responsibility of supplying Disclosure Documents to its managed associations' residents, and then entered into an agreement with Defendant HomeWise, an internet company, to supply Disclosure Documents via a website.

8.    As agents and subagents of condo and homeowners' associations with knowledge of the law, and by virtue of their central role in the resale process, Defendants Foster Premier and HomeWise have an obligation to comply with the laws limiting charges for Disclosure Documents.

9.    Instead, in a manner contrary to the intent of the Illinois legislature and the public policy of Illinois, Defendants together conceived and implemented a plan and scheme to transform what are supposed to be low-cost Disclosure Documents into a high-priced "profit center." Defendants force association members such as Plaintiffs to utilize HomeWise to obtain their Disclosure Documents, and HomeWise then requires payment of hundreds of

3

ELECTRONICALLY FILED
10/5/2017 3:16 PM
2017-CH-13438
PAGE 4 of 26

dollars to provide those documents. Although on its Internet site from which a seller downloads Disclosure Documents, HomeWise advertises that Foster Premier and the associations it manages follow the law in providing Disclosure Documents with the "goal" of keeping "the fees as low as possible," that clearly is not so.

## PARTIES

10.     Plaintiff John Murphy ("Plaintiff Murphy") is a natural person now residing in the state of Illinois.

11.     Until December 2015, Plaintiff Murphy owned a condominium unit located at 935 8th Avenue, Unit 08, La Grange, Illinois (the "Murphy Property"), and a was a member of the Villa Venice Condominium Association ("Villa Venice").

12.     The Murphy Property was a "Unit" as defined in the ICPA, 765 ILCS 605/2(d), and Plaintiff Murphy was a "Unit Owner" as defined in 765 ILCS 605/2 (g). Plaintiff Murphy and the Murphy Property were subject to the Condo Act pursuant to 765 ILCS 605/2.1.

13.     Plaintiffs Cecil Mathew and Nirupa Mathew, husband and wife, are natural persons residing in the state of Illinois.

14.     Until May 2017, the Mathew Plaintiffs owned a condominium unit located at 275 11th Street, Unit B, Wheeling, IL (the "Mathew Property"). As such, the Mathew Plaintiffs were members of the Timberleaf Homeowners Association ("Timberleaf Association").

15.     The Mathew Property was a "Unit" as defined in the HOA Act, 765 ILCS 160/1-5, and the Mathew Plaintiffs were "Unit Owner[s]" as defined in 765 ILCS 160/1-5. The Mathew Plaintiffs and Mathew Property were subject to the HOA Act pursuant to 765 ILCS 160/1-5.

4

ELECTRONICALLY FILED
10/5/2017 3:16 PM
2017-CH-13438
PAGE 5 of 26

16. Defendant Foster Premier is a property management company headquartered in Buffalo Grove, Illinois. It agreed with non-Defendant Villa Venice to manage Villa Venice's operations and to provide Disclosure Documents required by the ICPA to prospective sellers such as Plaintiff Murphy; and, it also agreed with non-Defendant Timberleaf Association to manage its operations and to provide Disclosure Documents required by the HOA Act to prospective sellers such as the Mathew Plaintiffs.

17. Defendant HomeWise is a corporation operating nationwide, headquartered in Fairfield, California. It contracted to supply, via the Internet, electronic copies of Disclosure Documents needed by sellers of condominiums and HOA homes in Illinois by virtue of 765 ILCS 605, et seq. and 765 ILCS 160/1, et seq., whose associations were managed by Defendant Foster Premier.

18. As to each of the associations that it manages, Foster Premier has a drop-down menu on its Internet site for its associations' homeowners who need "Closing Documents." Regardless of the association managed by Foster Premier, the Internet site forwards the person seeking "Closing Documents" directly to the HomeWise Internet site to obtain Disclosure Documents.

## RELEVANT NON-PARTIES

19. Villa Venice is a "Unit Owners Association" or "Association" within the meaning of 765 ILCS 605/2 (o). As such, it is subject to the Condo Act. Plaintiff Murphy was at all relevant times a member of Villa Venice.

20. Timberleaf Association is an "Association" or "common interest community association" within the meaning of 765 ILCS 160/1-5. As such, it is subject to the HOA Act. The Mathew Plaintiffs were at all relevant times a member of the Timberleaf Association.

5

## JURISDICTION AND VENUE

21.     This Court has jurisdiction over the parties and this action because Defendants transact or transacted business within the State of Illinois and committed tortious acts within the State of Illinois.

22.     Venue is proper in this Court under 735 ILCS 5/2-101 because the transaction or transactions out of which the causes of action arise, or some part thereof, occurred in Cook County. Defendants are doing business in Cook County.

## FACTS

### Plaintiff Murphy

23.     During 2015, Plaintiff Murphy contracted to sell the Murphy Property. Such a sale is referred to in the Condo Act as a "resale."

24.     Plaintiff Murphy's condominium association, Villa Venice, had contracted with Defendant Foster Premier to manage the association's operations, including the provision of the Disclosure Documents required in 765 ILCS 605/22.1. Foster Premier in turn made arrangements with Defendant HomeWise to supply such Disclosure Documents.

25.     In or about October 5, 2015, Plaintiff Murphy, through his agents, properly demanded the Disclosure Documents he needed for his sale.

26.     Plaintiff Murphy had no reasonably practical means to access the Disclosure Documents other than through HomeWise. Defendant Foster Premier provides these documents for Villa Venice and uniformly directs all sellers in associations that it manages to HomeWise.

27.     Plaintiff Murphy obtained the Disclosure Documents via HomeWise. HomeWise charged him $335 as follows: $255 on or about October 8, 2015 ($250 for a "22.1

6

ELECTRONICALLY FILED
10/5/2017 3:16 PM
2017-CH-13438
PAGE 6 of 26

and Paid Assessment Letter Bundle," and $5 for a "Convenience Fee"); and an additional $80

on or about November 23, 2015 for a "Paid Assessment Letter Update."

28.     Plaintiff Murphy could not sell, and was unable to sell, the Murphy Property

without the Disclosure Documents. The Condo Act requires it, and it is a standard condition

of closing to require the seller to provide such Disclosure Documents.

29.     Plaintiff Murphy had a contractually agreed closing date for the sale of the

Murphy Property when he made his request to HomeWise.

30.     Plaintiff Murphy made the required payment to HomeWise. Plaintiff's

payment for the Disclosure Documents was made under duress and was not voluntarily made

with full knowledge of the facts.

**Mathew Plaintiffs**

31.     During 2017, the Mathew Plaintiffs contracted to sell the Mathew Property.

32.     The Mathew Plaintiffs' HOA, Timberleaf Association, had contracted with

Defendant Foster Premier to manage the HOA's operations, including the provision of the

Disclosure Documents required in 765 ILCS 160/1-35(d). Foster Premier in turn made

arrangements with Defendant HomeWise to supply such Disclosure Documents.

33.     In or about April 2017, the Mathew Plaintiffs, through their agents, properly

demanded the Disclosure Documents needed for their sale.

34.     The Mathew Plaintiffs had no reasonably practical means to access the

Disclosure Documents other than through HomeWise. The Defendant Foster Premier

provides these documents for Timberleaf Association and uniformly directs all sellers in

associations that it manages to HomeWise.

ELECTRONICALLY FILED
10/5/2017 3:16 PM
2017-CH-13438
PAGE 7 of 26

7

ELECTRONICALLY FILED
10/5/2017 3:16 PM
2017-CH-13438
PAGE 8 of 26

35.     The Mathew Plaintiffs obtained the Disclosure Documents via HomeWise. HomeWise charged them $320 for a "22.1 and Paid Assessment Letter Bundle" and $5 for a "Convenience Fee". The Mathew Plaintiffs were also forced to pay to Defendant Foster Premier an additional $25 for a "Transfer Fee."

36.     The Mathew Plaintiffs could not sell, and were unable to sell, the Mathew Property without the Disclosure Documents, as it is a standard condition of closing to require the seller to provide such Disclosure Documents.

37.     The Mathew Plaintiffs had a contractually agreed closing date for the sale of the Mathew Property when they made their request to HomeWise.

38.     The Mathew Plaintiffs, through their agent, made the required payment to HomeWise. Plaintiffs' payment for the Disclosure Documents was made under duress and was not voluntarily made with full knowledge of the facts.

**The Condo Act**

39.     Under the Illinois Condominium Property Act, or Condo Act, 765 ILCS 605/22.1(a):

> (a) In the event of any resale of a condominium unit by a unit owner … such owner shall obtain from the Board of Managers and shall make available for inspection to the prospective purchaser, upon demand, the following:
>
> (1) A copy of the Declaration, by-laws, other condominium instruments and any rules and regulations.
>
> (2) A statement of any liens, including a statement of the account of the unit setting forth the amounts of unpaid assessments and other charges due and owing as authorized and limited by the provisions of Section 9 of this Act or the condominium instruments.
>
> (3) A statement of any capital expenditures anticipated by the unit owner's association within the current or succeeding two fiscal years.

ELECTRONICALLY FILED
10/5/2017 3:16 PM
2017-CH-13438
PAGE 9 of 26

(4) A statement of the status and amount of any reserve or replacement fund and any portion of such fund earmarked for any specified project by the Board of Managers.

(5) A copy of the statement of financial condition of the unit owner's association for the last fiscal year for which such statement is available.

(6) A statement of the status of any pending suits or judgments in which the unit owner's association is a party.

(7) A statement setting forth what insurance coverage is provided for all unit owners by the unit owner's association.

(8) A statement that any improvements or alterations made to the unit, or the limited common elements assigned thereto, by the prior unit owner are in good faith believed to be in compliance with the condominium instruments.

(9) The identity and mailing address of the principal officer of the unit owner's association or of the other officer or agent as is specifically designated to receive notices.

40.     765 ILCS 605/22.1(b) provides:

The principal officer of the unit owner's association or such other officer as is specifically designated shall furnish the above information when requested to do so in writing and within 30 days of the request.

41.     765 ILCS 605/22.1(c) provides in relevant part:

A reasonable fee covering the direct out-of-pocket cost of providing such information and copying may be charged by the association or its Board of Managers to the unit seller for providing such information.

**The HOA Act**

42.     Under the Illinois Common Interest Community Association Act, or HOA Act,

765 ILCS 160/1-35(d):

(d) In the event of any resale of a unit in a common interest community association by a member or unit owner other than the developer, the board shall make available for inspection to the prospective purchaser, upon demand, the following:

(1) A copy of the declaration, other instruments and any rules and regulations.

9

ELECTRONICALLY FILED
10/5/2017 3:16 PM
2017-CH-13438
PAGE 10 of 26

(2) A statement of any liens, including a statement of the account of the unit setting forth the amounts of unpaid assessments and other charges due and owing.

(3) A statement of any capital expenditures anticipated by the unit owner's association within the current or succeeding 2 fiscal years.

(4) A statement of the status and amount of any reserve or replacement fund and any portion of such fund specifically designated for association projects.

(5) A copy of the statement of financial condition of the association for the last fiscal year for which such statement is available.

(6) A statement of the status of any pending suits or judgments in which the association is a party.

(7) A statement setting forth what insurance coverage is provided for all members or unit owners by the association for common properties.

43.     Also under Section 1-35(d):

The principal officer of the board or such other officer as is specifically designated shall furnish the above information within 30 days after receiving a written request for such information.

44.     Section 1-35(d) further provides:

A reasonable fee covering the direct out-of-pocket cost of copying and providing such information may be charged by the association or the board to the unit seller for providing the information.

**Defendants' Scheme**

45.     The amount Defendants charged Plaintiffs for their Disclosure Documents was greatly in excess of "[a] reasonable fee covering the direct out-of-pocket cost of providing such information and copying" permitted by 765 ILCS 605/22.1(c), and the "reasonable fee covering the direct out-of-pocket cost of copying and providing such information" permitted by 765 ILCS 160/1-35(d).

46.     On information and belief, Defendant HomeWise retained only the so-called "click fee," that is, a portion of the fees that it charged the Plaintiffs.

10

ELECTRONICALLY FILED
10/5/2017 3:16 PM
2017-CH-13438
PAGE 11 of 26

47.     The remainder, the majority of amount each Plaintiff paid, went to Defendant Foster Premier.

48.     On information and belief, the "click fee" amount is a much closer approximation of the reasonable, direct, out-of-pocket costs for copying and providing Disclosure Documents than is the excessive fee charged by HomeWise.

49.     HomeWise tacitly admits its charges exceed those permitted by statute, stating on its website that part of its charges covers not just direct, out-of-pocket copying and providing expense but some unspecified "associated risk" arising from supplying Disclosure Documents. The Condo Act and HOA Act do not authorize charges for "risk," but only reasonable, direct, out-of-pocket costs of copying and providing the Disclosure Documents.

50.     Persons such as Plaintiffs and Class members are especially vulnerable in connection with their dealings with HomeWise in that at the time the charges are assessed, sellers are immersed in selling their home, usually the largest single financial transaction in a person's life, and one attended by many complicated legal and other questions, as well as contractually obligated closing dates. In addition, sellers are "on the way out" of their condominium associations or HOAs, and will not continue to be association members, and as such have no leverage or practical means via normal internal association remedies to challenge unfair practices such as excessive seller fees, such as voting or appearing at association meetings. Moreover, sellers likely have no idea (and no reason to know) before asking for the Disclosure Documents that they would be charged so much to get them.

51.     The money paid to HomeWise over and above the "click fee" is at least indirectly paid to the condominium association or HOA in that, without this source of revenue, Foster Premier would likely find it necessary to charge the Plaintiffs' association and

11

other associations more for its services. Thus, in economic effect, a portion of the money paid to HomeWise goes back to the associations. This further demonstrates that at least some portion of the fees charged by HomeWise for Disclosure Documents is not actually for copying and providing such documents. Rather, the money benefits the association, which has no role in such copying and providing, let alone being a permissible direct, reasonable out-of-pocket cost of copying or providing. Money paid by HomeWise to the management company, which also indirectly benefits the associations, cannot be claimed to be a "cost" to the association.

52. Defendant HomeWise, Defendant Foster Premier, and the associations all knew the amount charged to Plaintiffs greatly exceeded the reasonable charges allowed under the Condo Act and/or the HOA Act.

53. Defendants were aware of the relevant provisions of the Condo Act and the HOA Act. Foster Premier provides advice about these Acts on its website. Foster Premier principals are licensed by the State of Illinois as Community Association Managers under 225 ILCS 427/1 et seq.

**Public Policy**

54. It is the public policy of the State of Illinois that charges for Disclosure Documents supplied pursuant to the Condo Act and HOA Act, 765 ILCS 605/22.1(c) and 765 ILCS 160/1, et seq., respectively, be minimal and limited to those set forth in these statutes.

55. It is the public policy of the State of Illinois that condominiums and residential real estate situated within common interest communities be freely transferrable without the hindrance and inconvenience of excessive costs and fees, and that the Disclosure Documents described in the Condo Act and HOA Act be freely and inexpensively available in order to

ELECTRONICALLY FILED
10/5/2017 3:16 PM
2017-CH-13438
PAGE 12 of 26

12

encourage and facilitate sales, to encourage sellers to make full and timely disclosures to the buyers regarding the financial stability of the condominium or HOA as well as the management, rules and regulations which affect the unit being purchased, to prevent outgoing sellers from having to subsidize either their former association or its management company and to prevent prospective purchasers from buying a unit without being fully informed regarding the management, rules and regulations thereof, as set forth in the documents.

56.     The legislature would not have protected sellers such as Plaintiffs only to give the associations, their agents and co-actors and co-conspirators a means to unilaterally reduce, eliminate or "end run" this protection.

57.     Because the Condo Act and HOA Act require sellers to pay for the Disclosure Documents, and the associations delegate the document provision function to Defendant Foster Premier, which in turn uniformly requires all sellers of homes in associations that it manages to utilize HomeWise, and HomeWise will not provide the Disclosure Documents unless the seller pays what HomeWise requires, Plaintiffs and Class members, as sellers, have little alternative but to submit to the improper and unlawful excessive fees.

58.     The unfair and improper conduct of which Plaintiffs and the Class complain is oppressive and causes consumers such as Plaintiffs and the Class substantial injury in the form of Disclosure Document fees in excess of those permitted by Illinois statutes.

59.     Allowing Defendants to impose and retain excessive charges for Disclosure Documents required on resale, such as the excessive charges imposed and collected by HomeWise and/or "rebated" to Foster Premier, would "end run" and thereby frustrate the intent of the Illinois legislature, and enable Defendants to impermissibly take away a right to be free of excessive charges given to condominium and HOA sellers by the legislature.

ELECTRONICALLY FILED
10/5/2017 3:16 PM
2017-CH-13438
PAGE 13 of 26

13

60.     Defendant Foster Premier and the non-defendant associations, if acting in the best interest of sellers such as Plaintiffs, could make the Disclosure Documents available on their own Internet sites or otherwise at little or no cost.

61.     Under Illinois law, and as Defendants knew or should have known, the associations owed a fiduciary duty to their members such as Plaintiffs to follow Illinois law and otherwise act in their best interests.

62.     All condominium associations and HOAs which retained Defendant Foster Premier and provided Disclosure Documents through HomeWise owe similar fiduciary duties to their members.

63.     Defendants, as agents of the associations, owed fiduciary duties to association members such as Plaintiffs and the Class.

64.     All Class members were members of an association that retained Foster Premier.

ELECTRONICALLY FILED
10/5/2017 3:16 PM
2017-CH-13438
PAGE 14 of 26

## JOINT ACTION/AIDING AND
## ABETTING/CONSPIRACY ALLEGATIONS

65.     Defendants acted jointly and in concert with each other and with Plaintiffs' and Class members' associations and with full knowledge of each other's role in charging fees in excess of those permitted by 765 ILCS 605/22.1(c) and 765 ILCS 160/1-35, and in circumventing or seeking to circumvent the requirements of 765 ILCS 605/22.1(c) and 765 ILCS 160/1-35.

66.     Defendants' purpose and intent in engaging in the conduct complained of herein was to enable Defendants to profit by means that violate the Condo Act, HOA Act, and Illinois public policy at the expense of the Plaintiffs and other condominium and HOA sellers.

14

ELECTRONICALLY FILED
10/5/2017 3:16 PM
2017-CH-13438
PAGE 15 of 26

67.     It was Defendants' knowing purpose and intent to act individually and jointly in concert with each other and with Plaintiffs' associations to charge Plaintiffs and other Class members fees in excess of those permitted by law.

68.     Defendants aided and abetted one another in charging Plaintiffs and other Class members fees in excess of those permitted by law.

69.     Defendants conspired and agreed with each other to charge Plaintiffs and other Class members fees in excess of those permitted by law.

70.     Defendants breached their fiduciary duty, individually and/or acting in concert or by agreement, or aided and abetted one another, to induce Plaintiffs' and Class members' associations to breach their fiduciary duties to Plaintiffs and other Class members by allowing, encouraging or agreeing that Plaintiffs and other Class members would be charged fees in excess of those permitted by 765 ILCS 605/22.1(c) and 765 ILCS 160/1-35.

## CLASS ACTION ALLEGATIONS

71.     Pursuant to 735 ILCS 5/2-801, et seq., Plaintiffs bring this action individually and as a class action on behalf of the following Class and Sub-Classes:

> **Class**: All persons or entities who sold one or more condominium units or HOA Units and whose condominium association or HOA was, at the time of such resale, managed by Defendant Foster Premier and who were charged by or paid fees to HomeWise in connection with resale of such condominium or HOA Unit.

> **Condo Act Sub-Class**: All Class members who were charged by or paid fees to HomeWise in connection with resale of a condominium Unit.

> **HOA Act Sub-Class**: All Class members who were charged by or paid fees to HomeWise in connection with resale of a HOA Unit.

72.     The Class and each Sub-Class are so numerous that joinder of all members is impracticable. Foster Premier states on its website that it manages in excess of 20,000

15

residential units in over 200 different Community Associations throughout the Chicagoland

area. (See http://www.fosterpremier.com/fosterpremier/sub_category_list.asp?category=11&title=Home and

http://www.fosterpremier.com/fosterpremier/sub_category_list.asp?category=15&title=Leadership+Team)

    73.    There are questions of fact or law common to the Class, and the Sub-Classes,

which common questions predominate over any questions affecting only individual members.

Among these common questions are:

(a) Whether the Condo Act and HOA Act limit fees to condominium and HOA sellers for information as described in the Condo Act and the HOA Act to those fees set forth in 765 ILCS 605, et seq. and 765 ILCS 160/1, et seq.;

(b) Whether it is the public policy of the State of Illinois to prohibit fees in excess of those permitted by 765 ILCS 605, et seq. on sellers of condominiums and 765 ILCS 160/1, et seq. on sellers of HOA homes;

(c) Whether Defendants engaged in unfair acts prohibited by the Consumer Fraud Act as alleged herein;

(d) Whether Plaintiffs and the Class may maintain an action under the Condo Act against Defendants;

(e) Whether Plaintiffs and the Class may maintain an action under the HOA Act against Defendants;

(f) Whether condominium associations and HOAs owe fiduciary duties to Plaintiffs and the Class members to prevent charges on sellers in excess of those specified in 765 ILCS 605, et seq. and 765 ILCS 160/1, et seq.;

(g) Whether the fees charged by Defendant(s) exceeded the reasonable, direct, out-of-pocket costs to copy and provide the documents required by 765 ILCS 605/22.1(a) and 765 ILCS 160/1-35;

(h) Whether, as to the Condo Act Sub-Class, there is an implied right of action under the Condo Act; and

(i) Whether, as to the HOA Act Sub-Class, there is an implied right of action under the HOA Act.

ELECTRONICALLY FILED
10/5/2017 3:16 PM
2017-CH-13438
PAGE 16 of 26

ELECTRONICALLY FILED
10/5/2017 3:16 PM
2017-CH-13438
PAGE 17 of 26

74.     Plaintiffs, as the representative parties, will fairly and adequately protect the interest of the Class and Sub-Classes, with Plaintiff Murphy representing the Condo Act Sub-Class and the Mathew Plaintiffs representing the HOA Act Sub-Class.

75.     This class action is an appropriate method for the fair and efficient adjudication of this controversy.

## COUNT I: VIOLATION OF CONSUMER FRAUD ACT AGAINST ALL DEFENDANTS

76.     Plaintiffs reallege and set forth here as if fully alleged herein all other allegations of this Complaint.

77.     This Count is brought on behalf of Plaintiffs and the Class against all Defendants individually and jointly and severally.

78.     The Illinois Consumer Fraud Act provides in relevant part, at 805 ILCS 502/2:

> Unfair methods of competition and unfair or deceptive acts or practices, including but not limited to the use or employment of any deception fraud, false pretense, false promise, misrepresentation or the concealment, suppression or omission of any material fact, with intent that others rely upon the concealment, suppression or omission of such material fact, or the use or employment of any practice described in Section 2 of the "Uniform Deceptive Trade Practices Act," approved August 5, 1965, in the conduct of any trade or commerce are hereby declared unlawful whether any person has in fact been misled, deceived or damaged thereby. In construing this section consideration shall be given to the interpretations of the Federal Trade Commission and the federal courts relating to Section 5 (a) of the Federal Trade Commission Act.

79.     At all times relevant, Defendants were engaged in trade or commerce through advertising, offering for sale, and selling Disclosure Documents, and by contracting, managing, and performing activities on behalf of associations, within Illinois.

17

ELECTRONICALLY FILED
10/5/2017 3:16 PM
2017-CH-13438
PAGE 18 of 26

80.     Defendants' actions as alleged herein violate the Consumer Fraud Act, in that, among other things, Defendants engaged in unfair or deceptive acts or practices and Plaintiffs and the Class were charged and paid under duress far more than 765 ILCS 605/22.1(c) and 765 ILCS 160/1-35 allow.

81.     The actions as alleged herein are part of a pattern and practice of behavior which Defendants routinely engage in as part of their business models. Their normal business practices are designed to disregard the law through an agreement to subvert the Condo Act and HOA Act, ignore the rights of the parties to a real estate transaction, and profit from home sellers when they are most vulnerable.

82.     These practices offend public policy, have a direct consumer nexus, affect consumers as a whole, and violate the basic rights of consumers. These practices directly implicate consumer protection concerns because the conduct impacts and threatens consumers' disclosure rights with respect to associations and causes substantial financial harm to consumers by subverting legal protections afforded to Illinois sellers of real estate.

83.     These practices are immoral, unethical, oppressive, and unscrupulous and demonstrate Defendants' practice of maximizing profits by gouging consumers for Disclosure Documents, ignoring their rights, and profiting from the sale of their homes.

84.     The repeated practice of gouging home sellers for Disclosure Documents demonstrates a pattern of flouting state-mandated laws and public policies designed to protect Illinois home sellers.

85.     The conduct herein would equally violate the basic rights of any other consumer who has been subjected to these practices by Defendants. Any homeowner who is

18

subjected to gouging for Disclosure Documents by Defendants will experience a violation of his or her rights and suffer harm.

86.     This pattern of conduct further implicates consumer protection concerns generally because consumers reasonably expect:

> i.   to freely transfer their real estate without the hindrance and inconvenience of excessive costs and fees;
>
> ii.  companies to refrain from illegal price gouging; and
>
> iii. companies to honor and respect laws designed to protect consumers.

87.     As a direct, proximate and foreseeable result of the Defendants' unlawful actions, Plaintiffs and Class members have suffered injury and damages, including without limitation, the difference between the large amount charged and the permitted "reasonable fee covering the direct out-of-pocket cost of providing such information and copying."

88.     An award of punitive damages is also appropriate because the conduct complained of is outrageous, willful, wanton, showed a reckless disregard for the rights of the Plaintiffs and the Class, and was designed to take advantage of a vulnerable consumer through a disproportionate relationship of power, caused financial harm to Plaintiffs and the Class, and causes substantial harm to the public as a whole and any consumer subjected to these practices.

## COUNT II: VIOLATION OF THE CONDO ACT
## AGAINST ALL DEFENDANTS

89.     Plaintiff Murphy realleges and sets forth here as if fully alleged herein all other allegations of this Complaint, except for the allegations of Count III. It is brought in the alternative to Count I.

ELECTRONICALLY FILED
10/5/2017 3:16 PM
2017-CH-13438
PAGE 19 of 26

90.     This Count is brought against all Defendants individually and jointly and severally by the Condo Act Sub-Class.

91.     Defendants' actions as alleged herein violate the Condo Act, in that, among other things, Plaintiff Murphy and Condo Act Sub-Class members were charged and paid under duress far more than 765 ILCS 605/22.1(c) allows.

92.     Plaintiff Murphy is a member of the class, i.e., sellers of condominiums, for whose benefit the Condo Act was enacted.

93.     Plaintiff Murphy's injury, as well as the injuries suffered by all members of the Condo Act Sub-Class, are of the type that the Condo Act was designed to prevent, i.e., the interest in not being charged fees in excess of those nominal out-of-pocket charges directly related to copying and providing.

94.     A private right of action is consistent with the underlying purpose of the statute, i.e., preventing excessive charges, promoting the low-cost transferability of condominium units, protecting the interest of condominium sellers who are exiting condominium associations and lack the ability to protect their own interests, and/or preventing exiting sellers from being required to subsidize the ongoing costs of the condominium association.

95.     Implying a private right of action in favor of Plaintiff Murphy and the Condo Act Sub-Class is necessary to provide an adequate remedy for violations of the statute and deter future misconduct.

96.     As a direct, proximate and foreseeable result of the Defendants' unlawful actions, Plaintiff Murphy and Condo Act Sub-Class members have suffered injury and damages, including without limitation the difference between the large amount charged and

ELECTRONICALLY FILED
10/5/2017 3:16 PM
2017-CH-13438
PAGE 20 of 26

the permitted "reasonable fee covering the direct out-of-pocket cost of providing such

information and copying."

## COUNT III: VIOLATION OF THE HOA ACT
## AGAINST ALL DEFENDANTS

97.     The Mathew Plaintiffs reallege and set forth here as if fully alleged herein all

other allegations of this Complaint, except for the allegations of Count II. It is brought in the

alternative to Count I.

98.     This Count is brought against all Defendants individually and jointly and

severally by the HOA Sub-Class.

99.     Defendants' actions as alleged herein violate the HOA Act, in that, among

other things, the Mathew Plaintiffs and HOA Sub-Class members were charged and paid

under duress far more than 765 ILCS 160/1-35 allows.

100.    The Mathew Plaintiffs are members of the HOA Sub-Class, i.e., sellers of

common interest community homes, for whose benefit the HOA Act was enacted.

101.    The Mathew Plaintiffs' injury, as well as the injuries of all members of the

HOA Sub-Class are of the type that the statute was designed to prevent, i.e., their interest in

not being charged fees in excess of those nominal out-of-pocket charges directly related to

copying and providing.

102.    A private right of action is consistent with the underlying purpose of the

statute, i.e., preventing excessive charges, promoting the low-cost transferability of HOA

units, protecting the interest of HOA sellers who are exiting HOAs and lack the ability to

protect their own interests, and/or preventing exiting sellers from being required to subsidize

the ongoing costs of the HOA.

ELECTRONICALLY FILED
10/5/2017 3:16 PM
2017-CH-13438
PAGE 21 of 26

21

103.    Implying a private right of action in favor of the Mathew Plaintiffs and the

HOA Sub-Class is necessary to provide an adequate remedy for violations of the statute and

deter future misconduct.

104.    As a direct, proximate and foreseeable result of the Defendants' unlawful

actions, the Mathew Plaintiffs and HOA Sub-Class members have suffered injury and

damages, including without limitation the difference between the large amount charged and

the permitted "reasonable fee covering the direct out-of-pocket cost of providing such

information and copying."

## COUNT IV: AIDING AND ABETTING/INDUCEMENT
## TO BREACH FIDUCIARY DUTY
## AGAINST ALL DEFENDANTS

105.    Plaintiffs incorporate by reference and re-allege each and every allegation

contained above, as though fully set forth herein.

106.    This Count is brought on behalf of Plaintiffs and the Class against all

Defendants individually and jointly and severally.

107.    Each of the condominium associations and HOAs (collectively referred to

hereafter as "associations") managed by Defendant Foster Premier owed a fiduciary duty to its

Unit Owners and members as a matter of law. By reason of this fiduciary relationship, the

associations owed their Unit Owners and HOA home owner members the highest obligation

of good faith, fair dealing, and due care, and to act in the best interest of the Unit Owners and

HOA home owner members. Defendants specifically, and without limitation, owed a duty to

prevent Unit Owners and HOA home owner members from being charged prices for

Disclosure Documents that violate Illinois law.

ELECTRONICALLY FILED
10/5/2017 3:16 PM
2017-CH-13438
PAGE 22 of 26

ELECTRONICALLY FILED
10/5/2017 3:16 PM
2017-CH-13438
PAGE 23 of 26

108. The associations violated their fiduciary duties by (a) authorizing and allowing Defendant Foster Premier to charge prices for Disclosure Documents substantially higher than allowed by Illinois law, (b) delegating the duty to distribute the Disclosure Documents to sellers without properly limiting the prices that would be charged, and (c) reducing the management fees paid by associations by allowing Foster Premier to financially benefit from charging inflated costs for Disclosure Documents, thus shifting association costs disproportionately onto departing sellers such as Plaintiffs.

109. Defendants substantially assisted the associations in the breach of their fiduciary duties by controlling, working with, encouraging, directing, and/or requiring association members to use Defendant HomeWise for the purchase of Disclosure Documents at excessive prices.

110. As a direct, proximate and foreseeable result of the Defendants' unlawful actions, Plaintiffs and Class members have suffered injury and damages, including without limitation the difference between the large amount charged and the permitted "reasonable fee covering the direct out-of-pocket cost of providing such information and copying."

## COUNT V: COMMON LAW CONSPIRACY
## AGAINST ALL DEFENDANTS

111. Plaintiffs incorporate by reference and re-allege each and every allegation contained above, as though fully set forth herein.

112. This Count is brought on behalf of Plaintiffs and the Class against all Defendants individually and jointly and severally.

113. Defendants conspired and knowingly agreed with and between themselves, and with the associations, to permit, encourage, cause and engage in unfair and other acts in violation of the Consumer Fraud Act; to permit, encourage, cause and engage in acts in

23

violation of the Condo Act and HOA Act; and/or to induce and cause the associations which have retained Defendant Foster Premier and Defendant HomeWise to violate and breach such associations' fiduciary duties to their members.

114.    As a direct, proximate and foreseeable result of the Defendants' unlawful actions, Plaintiffs and Class members have suffered injury and damages, including without limitation the difference between the large amount charged and the permitted "reasonable fee covering the direct out-of-pocket cost of providing such information and copying."

## COUNT VI: UNJUST ENRICHMENT
## AGAINST ALL DEFENDANTS

ELECTRONICALLY FILED
10/5/2017 3:16 PM
2017-CH-13438
PAGE 24 of 26

115.    Plaintiffs incorporate by reference and re-allege each and every allegation contained above, as though fully set forth herein.

116.    This Count is brought on behalf of Plaintiffs and the Class against all Defendants individually and jointly and severally.

117.    Defendant received a benefit through their misconduct described herein. Specifically, Defendants retained fees charged to Plaintiffs and other Class members as described herein in excess of the amount allowed by Illinois law and by aiding and abetting and conspiring in the associations' breach of fiduciary duties to persons such as Plaintiffs as described herein.

118.    Defendants without justification have retained and continue to voluntarily and unjustly retain these benefits at the expense of and to the disadvantage of Plaintiffs and other Class members.

119.    Defendants' retention of these benefits violates fundamental principles of justice, equity, and good conscience because, among other things, the benefits were obtained

24

by means of unfair and unlawful acts and acts in violation of the public policy of the State of Illinois.

120.    As a direct, proximate and foreseeable result of Defendants' unlawful actions, Plaintiffs and Class members have suffered injury and damages, including, without limitation, the difference between the large amount received from HomeWise and the permitted reasonable fee covering the direct out-of-pocket cost of providing such information and copying.

## PRAYER FOR RELIEF

Plaintiffs demand as relief, individually and on behalf of the Class and Sub-Classes, as follows:

A.    An Order of the Court certifying the Class, the HOA Sub-Class and the Condo Act Sub-Class, with Plaintiffs being named the Class representatives, Plaintiff Murphy being named the representative of the Condo Act Sub-Class, and the Mathew Plaintiffs being named the representative of the HOA Act Sub-Class, and Plaintiffs' undersigned counsel being appointed as Class and Sub-Class Counsel;

B.    Final judgment in Plaintiffs' and the Class's and Sub-Classes' favor, and against Defendants, individually and jointly and severally, in the amount of their damages along with a declaration that the Defendants' actions violate the law;

C.    Pre-judgment and post-judgment interest;

D.    An award of Plaintiffs' attorneys' fees and all allowable fees, expenses and costs of suit;

E.    Punitive damages; and

F.    Such other, additional and further relief as the Court deems appropriate.

Plaintiffs demand trial by jury on all claims so triable.

ELECTRONICALLY FILED
10/5/2017 3:16 PM
2017-CH-13438
PAGE 25 of 26

Dated: October 5, 2017

ELECTRONICALLY FILED
10/5/2017 3:16 PM
2017-CH-13438
PAGE 26 of 26

Plaintiffs on their own behalf
and on behalf of the Class and Sub-Classes:

By:_____ /s/ David Fish _____

Charles R. Watkins
Guin, Stokes & Evans, LLC
321 South Plymouth Court
Suite 1250
Chicago, Il 60604
(312) 878-8391
Email: charlesw@gseattorneys.com
Cook County Attorney # 51804

David Fish
Kim Hilton
John Kunze
The Fish Law Firm, P.C.
Fifth Avenue Station
200 E. 5th Avenue, Suite 123
Naperville IL 60563
(630) 355-7590
Email: dfish@fishlawfirm.com
    admin@fishlawfirm.com
Cook County Attorney # 44086

John R. Wylie
BarrettWylie, LLC
30 N. La Salle Street
Suite 3200
Chicago, IL 60602
(312) 269-0600
Email: johnwylie@barrettwylie.com
Cook County Attorney # 18352

Stephen Sotelo
Homer Law Firm, P.C.
200 E 5th Ave #123
Naperville, IL 60563
(630) 428-3311
Email: ssotelo@homerlawoffices.com
Cook County Attorney # 56894

26

**Summons - Alias Summons**                                                    (12/31/15) CCG N001

## IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS

JOHN MURPHY; CECIL MATHEW;
NIRUPA MATHEW

No. 2017-CH-13438

v.

FOSTER/PREMIER, INC.;
NEXTLEVEL ASSOCIATION SOLUTION

Defendant Address:
FOSTER/PREMIER, INC.
R/A MARK K. SCHWARTZ
314 N. MCHENRY RD.
SUITE D
BUFFALO GROVE, IL 60089

☑ SUMMONS  ☐ ALIAS - SUMMONS

To each defendant:

YOU ARE SUMMONED and required to file an answer to the complaint in this case, a copy of which is hereto attached, or otherwise file your appearance, and pay the required fee, in the Office of the Clerk of this Court at the following location:

☑ Richard J. Daley Center, 50 W. Washington, Room 802 ,Chicago, Illinois 60602

☐ District 2 - Skokie
5600 Old Orchard Rd.
Skokie, IL 60077

☐ District 3 - Rolling Meadows
2121 Euclid 1500
Rolling Meadows, IL 60008

☐ District 4 - Maywood
Maybrook Ave.
Maywood, IL 60153

☐ District 5 - Bridgeview
10220 S. 76th Ave.
Bridgeview, IL 60455

☐ District 6 - Markham
16501 S. Kedzie Pkwy.
Markham, IL 60428

☐ Richard J. Daley Center
50 W. Washington, LL-01
Chicago, IL 60602

You must file within 30 days after service of this Summons, not counting the day of service.

IF YOU FAIL TO DO SO, A JUDGMENT BY DEFAULT MAY BE ENTERED AGAINST YOU FOR THE RELIEF REQUESTED IN THE COMPLAINT.

To the officer:

This Summons must be returned by the officer or other person to whom it was given for service, with endorsement of service and fees, if any, immediately after service. If service cannot be made, this Summons shall be returned so endorsed. This Summons may not be served later than thirty (30) days after its date.

☑ Atty. No.: 44086

Name: FISH DAVID J

Atty. for: JOHN MURPHY

Address: 200E 5TH AVE 123

City/State/Zip Code: NAPERVILLE, IL 60563

Telephone: (630) 355-7590

Primary Email Address: dfish@fishlawfirm.com

Secondary Email Address(es):

admin@fishlawfirm.com

Witness: Thursday, 05 October 2017

/s DOROTHY BROWN
DOROTHY BROWN, Clerk of Court

Date of Service:

(To be inserted by officer on copy left with Defendant or other person)

**Service by Facsimile Transmission will be accepted at:

(Area Code)  (Facsimile Telephone Number)

**DOROTHY BROWN, CLERK OF THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS**
Page 1 of 1

**Summons - Alias Summons**                                    (12/31/15) CCG N001

## IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS

JOHN MURPHY; CECIL MATHEW;
NIRUPA MATHEW

v.

FOSTER/PREMIER, INC.;
NEXTLEVEL ASSOCIATION SOLUTION

No. 2017-CH-13438

Defendant Address:
NEXTLEVEL ASSOCIATION SOLUTION
R/A ANNIE PURTILL
4773 MANGELS BOULEVARD
FAIRFIELD, CA 94534

☑ SUMMONS  ☐ ALIAS - SUMMONS

To each defendant:

YOU ARE SUMMONED and required to file an answer to the complaint in this case, a copy of which is hereto attached, or otherwise file your appearance, and pay the required fee, in the Office of the Clerk of this Court at the following location:

☑ Richard J. Daley Center, 50 W. Washington, Room 802 ,Chicago, Illinois 60602

☐ District 2 - Skokie
5600 Old Orchard Rd.
Skokie, IL 60077

☐ District 3 - Rolling Meadows
2121 Euclid 1500
Rolling Meadows, IL 60008

☐ District 4 - Maywood
Maybrook Ave.
Maywood, IL 60153

☐ District 5 - Bridgeview
10220 S. 76th Ave.
Bridgeview, IL 60455

☐ District 6 - Markham
16501 S. Kedzie Pkwy.
Markham, IL 60428

☐ Richard J. Daley Center
50 W. Washington, LL-01
Chicago, IL 60602

You must file within 30 days after service of this Summons, not counting the day of service.

IF YOU FAIL TO DO SO, A JUDGMENT BY DEFAULT MAY BE ENTERED AGAINST YOU FOR THE RELIEF REQUESTED IN THE COMPLAINT.

To the officer:

This Summons must be returned by the officer or other person to whom it was given for service, with endorsement of service and fees, if any, immediately after service. If service cannot be made, this Summons shall be returned so endorsed. This Summons may not be served later than thirty (30) days after its date.

☑ Atty. No.: 44086

Name: FISH DAVID J

Atty. for: JOHN MURPHY

Address: 200E 5TH AVE 123

City/State/Zip Code: NAPERVILLE, IL 60563

Telephone: (630) 355-7590

Primary Email Address: dfish@fishlawfirm.com

Secondary Email Address(es):

admin@fishlawfirm.com

Witness: Thursday, 05 October 2017

/s DOROTHY BROWN
DOROTHY BROWN, Clerk of Court

Date of Service:

(To be inserted by officer on copy left with Defendant or other person)

**Service by Facsimile Transmission will be accepted at:

_____

(Area Code)   (Facsimile Telephone Number)

**DOROTHY BROWN, CLERK OF THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS**
Page 1 of 1

# Chancery DIVISION
## Litigant List

Printed on 10/05/2017

Case Number: 2017-CH-13438

## Plaintiffs

| Plaintiffs Name | Plaintiffs Address | State | Zip | Unit # |
|---|---|---|---|---|
| JOHN MURPHY | | | | |
| CECIL MATHEW | | | | |
| NIRUPA MATHEW | | | | |

Total Plaintiffs: **3**

## Defendants

| Defendant Name | Defendant Address | State | Zip | Unit # | Service By |
|---|---|---|---|---|---|
| FOSTER/PREMIER, INC. | 314 N. MCHENRY RD. BUFFALO GROVE, | IL | 60089 | SUITE D | PPS |
| NEXTLEVEL ASSOCIATION SOLUTION | 4773 MANGELS BOULEVARD FAIRFIELD, | CA | 94534 | | PPS |

Total Defendants: **2**